KRAVITCH, J.,
dissenting in part.
Our case law places on us a high standard that the record must compel the conclusion that the petitioner suffered persecution, Ruiz v. U.S. Att’y Gen., 479 F.3d 762, 765 (11th Cir.2007). Because I believe the record in this case compels that conclusion, I respectfully dissent from the majority’s opinion.[1]
In 2000 and 2001, Villarreal received phone calls and letters warning him to cease his political activities. In March 2002, he was kidnapped to provide medical services for one of the FARC guerilla and, while in FARC custody, he was told to stop his political work. Although it is clear that the FARC kidnapped Villarreal for his medical training, Villarreal’s credible testimony established that the FARC was also motivated by Villarreal’s political activities.[2] See Sanchez Jimenez v. U.S. Att’y Gen., 492 F.3d 1223, 1232 (11th Cir.2007) (holding that the protected ground does not need to be the only motivating factor). Moreover, when Villarreal went into hiding after his release, the FARC kidnapped and interrogated his secretary to learn his whereabouts. This incident is further evidence of persecution. See De *927 Santamaria v. U.S. Att’y Gen., 525 F.3d 999, 1009 (11th Cir.2008).
Although none of these incidents alone would compel the conclusion that Villarreal was persecuted, our case law requires that we consider the events cumulatively. Delgado v. U.S. Att’y Gen., 487 F.3d 855, 861 (11th Cir.2007). Considering the threatening calls, the kidnapping, and the attack on Villarreal’s secretary cumulatively, I am compelled to conclude Villarreal suffered past persecution on account of his political opinion. We must therefore presume he had a well-founded fear of future persecution. On remand, the government could rebut this presumption with evidence that Villarreal could relocate. Accordingly, I would vacate and remand with instructions for the BIA to address the issue of relocation.

. I concur with the majority's conclusion that we lack jurisdiction to consider the unex-hausted CAT claim.

. The majority concludes without discussion that the IJ made an adverse credibility determination. After reviewing the record, I disagree. The IJ's statement was insufficient to meet our standard under Yang v. U.S. Att’y Gen., 418 F.3d 1198, 1201 (11th Cir.2005) (holding that the IJ must make clean adverse credibility determinations). In the absence of an explicit adverse credibility determination, we must assume Villarreal's testimony is credible. Mejia v. U.S. Att’y Gen., 498 F.3d 1253, 1257 (11th Cir.2007).